## Case No. 17,797.

### WILSON et al. v. CITY BANK.

[3 Sumn. 422.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1838.

FEDERAL COURTS—JURISDICTIONAL AVERMENTS—ALIENAGE OF PARTY — CORPORATIONS — CITIZENSHIP OF CORPORATORS.

1. It is not sufficient to give jurisdiction to the courts of the United States, to allege, that a party is an alien. There must also be an allegation, that he is a subject or citizen of some one foreign state.

[Cited in Prentiss v. Brennan, Case No. 11,385; Hinckley v. Byrne, Id. 6,510.]

2. Nor is it sufficient to give jurisdiction, where a corporation is a party, to allege, that all the corporators are citizens of the United States. There must be an allegation, that the corporators are all citizens of some one or more state or states of the United States.

[Cited in Commercial Bank of Commerce v. Green, Case No. 3,059.]

3. The circuit court has jurisdiction to aid in enforcing the judgment of a state court.

4. In the case of a bill against a banking corporation, to account for certain property held by them, as collateral security for debts due them from a third person, and to apply the surplus, after satisfying themselves, to the plaintiff's debt, the debtor is a necessary party to the bill.

[Cited in Greene v. Sisson, Case No. 5,768; Kellum v. Emerson, Id. 7,669; Florence Sewing Mach. Co. v. Singer Manuf'g Co., Id. 4,884.]

Bill in equity. The bill alleged, that the plaintiffs (Fletcher Wilson, Melville Wilson, and Gabriel Shaw, bankers and co-partners, under the firm of Thomas Wilson & Co.) were of London, in England, and aliens to each and all of the United States; that S. G. Williams, June 1, 1837, being then of Boston, but now of New York, out of the jurisdiction

1 [Reported by Charles Sumner, Esq.]

of this court, was indebted to the plaintiffs in the sum of £7,000 on a balance of account, and refusing to pay the same, the plaintiffs sued out a writ against the said Williams, in the court of common pleas for the county of Suffolk, in Massachusetts; and subsequently recovered damages against him for $30,000 and upwards, on which execution issued, and was delivered to the sheriff, who returned nulla bona; that Williams, before execution issued, left the state, insolvent, and has not since been within its jurisdiction. That the said Williams heretofore transferred stocks, lands, goods, and choses in action to the defendants, a corporation, all the members whereof were citizens of these United States, to secure the payment of certain notes he owed to them; that such property was more than sufficient to pay claims of the defendants, and that the residue ought to be applied to the payment of the plaintiff's claim. The bill concluded with a prayer, that an account might be taken of the principal and interest due on the plaintiff's claim against Williams, and of what was due from him to the defendants, and of the property held as security therefor; and that the same be applied to the payment thereof, and the residue to payment of the plaintiffs' judgment; and that the defendants be restrained from conveying the property.

To the bill the defendants put in a demurrer, on various grounds. (1) Because the bill alleged that the plaintiffs were aliens; but did not allege that they were citizens or subjects of any foreign state. (2) Because the bill alleged that the defendants were a corporation created by a law of Massachusetts, and that all the members were citizens of the United States; but did not allege that they were citizens of Massachusetts. (3) Because the bill sought to enforce the judgment of the court of common pleas of Massachusetts, a court foreign to the United States court. (4) Because the bill sought an account between the plaintiffs and Williams, and also between the defendants and Williams; and that Williams' property should be applied to the payment of their respective claims; yet did not make him a party, and expressly alleged that he was out of the jurisdiction of the court.

F. C. Loring and P. Blair, for defendants, in support of the demurrer.

I. As to the first ground of demurrer. The words of the constitution of the United States, relative to the jurisdiction of the judiciary, are "controversies between a state or citizens thereof, and foreign states, or citizens or subjects." The judiciary act is broader in its language, giving jurisdiction generally, where an alien is a party. But this has always been restricted in construction to the provisions of the constitution. There may be aliens who are not citizens or subjects of any foreign state, recognized by the law of nations; as, for instance, persons born and residing in piratical settlements, not recognized by any state or country. Abercrombie v. Dupuis, 1 Cranch [5 U. S.] 243; 3 Day, 294; Society for Propagation of Gospel v. Wheeler [Case No. 13,156]; Brown v. Keene, 8 Pet. [33 U. S.] 114.

II. As to the second ground of demurrer, they cited Picquet v. Swan [Case No. 11,134]; Birethpaut v. Bank of Georgia, 1 Pet. [26 U. S.] 238; Story, Eq. Pl. 384; Emery v. Greenough, 3 Dall. [3 U. S.] 369; Bingham v. Cabot, 3 Dall. [3 U. S.] 382; Strawbridge v. Curtis, 3 Cranch [7 U. S.] 267; Hope Ins. Co. v. Boardman, 5 Cranch [9 U. S.] 57; Kitchen v. Strawbridge [Case No. 7,854]; Butler v. Farnsworth [Id. 2,240]; Kirkpatrick v. White [Id. 7,850].

III. As to the third ground of demurrer. That the several states are in some respects foreign to each other, has been held in a variety of cases; a familiar instance of which is, that a bill of exchange drawn in one state on a person in another is a foreign bill. That the United States courts are foreign to the state courts, was held by Parsons, C. J., in Bissell v. Briggs, 9 Mass. 461. The circuit court has no jurisdiction to enjoin the judgment of a state court, nor a state court to enjoin a judgment of the circuit court. Diggs v. Wolcott, 4 Cranch [8 U. S.] 179; McKim v. Voorhis, 7 Cranch [11 U. S.] 279. These courts are foreign to each other, in the same sense in which the courts of the several states are foreign to each other. Their powers are derived from different sovereignties. Would a court of the state of New York give the relief sought in this case? Would the court of chancery in England lend its aid to enforce a judgment of a court of Scotland, or Ireland, or of a foreign power? There, no authority has been found to maintain such a position. The court of chancery will not aid the jurisdiction of an inferior court.

IV. As to the fourth ground of demurrer. That Williams can be made a party is fully established in the case of Picquet v. Swan [supra], and also by numerous other decisions in the United States courts. See, also, the 11th section of the judiciary act [1 Stat. 78]. That he is an essential and necessary, and not a mere formal or passive, party seems obvious. The bill seeks that accounts may be taken between him and the defendants, and also between him and the complainants, and that his property may be applied to the payment of the amounts to them respectively found to be owing. How are these accounts to be taken in his absence? How is the debt alleged to be owing to the defendants to be ascertained? It must depend entirely on the answer of the defendants, and they may state it to be what they please, and Williams has no opportunity to contradict or contest it. How is the plaintiffs' debt to be established? Their judgment may have been paid in whole or in part; or they may hold collateral security for its payment; or there may be an agreement, not unusual, that the judgment shall not be enforced within a lim-

ited time. But if this suit can be brought to a final decree without making him a party, a large amount of his property may be conclusively disposed of in the payment of fictitious claims, and be irretrievably lost to him. The general rule is, that a suit cannot proceed where a party, whose interests are sought to be affected, is out of the jurisdiction. Story. Eq. Pl. §§ 83, 84, 416, 543; Browne v. Blunt, 2 Russ. & M. 83; U. S. v. Howland, 4 Wheat. [17 U. S.] 108; Roveroy v. Grayson, 3 Swanst. 145; Pierson v. Robinson, 3 Swanst. 140; West v. Randall [Case No. 17,424]; Russell v. Clark, 7 Cranch [11 U. S.] 69; Caldwell v. Taggart, 4 Pet. [29 U. S.] 190.

C. P. and B. R. Curtis, for plaintiffs, spoke against the demurrer.

I. As to the first ground of demurrer. The judiciary act gives jurisdiction where an alien is a party. The bill avers, that the plaintiffs are aliens. It pursues the language of the act of congress, of course this act is interpreted as consistent with the constitution, and the word "alien" is, therefore, held to be "a foreign citizen, or subject." Picquet v. Swan [supra]. So, by the averment in the bill, that the plaintiffs are aliens, the language of the judiciary act, and the meaning of the constitution are both satisfied. None of the authorities cited by the defendants' counsel seem to have the least application.

II. As to the second ground of demurrer: (1) All the cases where the plaintiffs were citizens, and the defendants also, were citizens of the United States, are to be laid aside, because there the jurisdiction depended on the fact, that the parties were citizens of different states, and of course it ought to appear of what particular state they were citizens; here, the jurisdiction is claimed because an alien is a party. (2) Those cases are to be laid aside, in which an alien has sued a citizen who was abroad; for there the difficulty arose out of the absence of the defendant from the jurisdiction, so that he could not be served with process; while here, the only party to be served with process exists within this district, is created by a law of Massachusetts, has been served with process, and has appeared. In this case all the plaintiffs are aliens, all the persons defendant are citizens, and the only party which can be served with process is found in this district, has been served, and is before the court. (3) Those cases are to be laid aside, in which it is held, that the court has jurisdiction only where one party is a citizen of the state where the suit is brought, for that applies only where both parties are citizens. These views seem to dispose of the cases cited on the other side.

III. As to the third ground of demurrer. There is certainly a broad distinction between enjoining a judgment of a state court, and aiding the judgment creditor, to procure satisfaction of his judgment. It is not true,

that Parsons, C. J., decided in the case in 9 Mass. 462, that the United States courts are foreign to the state courts. The whole extent of his decision is, that the judgments of the courts of other states are not domestic judgments in Massachusetts, and he expressly says, that such judgments are not to be considered as foreign judgments. Page 469. The case of Bean v. Smith [Case No. 1,174] is in point for the plaintiffs.

IV. As to the fourth ground of demurrer. It is admitted that Williams is a proper party, but not that he is so far a necessary party, that the court cannot proceed without him. As to the objection that his interests will be affected in taking an account of what is due from the defendants to him, this by no means necessarily follows. For if the defendants state an account, and pay over to the plaintiffs the balance they admit, Williams will not be precluded from calling on them for a new account, and not being a party to the first suit, he would be in no way affected by the proceedings therein, except just so far as the defendants had discharged themselves by paying his debt to the plaintiffs. It is true that a court of equity will not ordinarily undertake to do any equity unless they can settle the whole controversy; but we take it to be clearly settled, that the courts of the United States are, from their peculiar constitution, subject to such extreme difficulties in following out strictly the rules of the English chancery courts as to parties, that they very early found it necessary to depart from those rules, or suffer their own usefulness to be crippled and all but destroyed, and that it is now a fixed principle in this court, that the court will entertain jurisdiction, and do all the equity they can, between the parties before the court, although it is not possible thus to terminate the whole controversy. In Child v. Brace, 4 Paige, 309, the chancellor decided, that it was not absolutely necessary to make the co-defendants in the judgment, parties, and it seems to us that most of the reasons which apply to one defendant apply to all. In U. S. v. Howland, 4 Wheat. [17 U. S.] 108, the court do not seem to consider it absolutely necessary, that the debtor should be before the court, though it is undoubtedly proper, that he should be made a party if possible.

STORY, Circuit Justice, held, that the demurrer was good, as to the first, second, and fourth causes of demurrer; but not for the third.

1. The bill ought to have alleged, that the plaintiff was a subject or citizen of some one foreign state.

2. The allegation ought to have been, that the corporators were all citizens of some one or more state or states of the United States.

3. The circuit court has jurisdiction to aid in enforcing the judgment of a state court.

4. That Williams was a necessary party to the bill.